IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **OMS INVESTMENTS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**H. D. HUDSON MANUFACTURING COMPANY,**<br><br>Defendant. | Case No. 18-cv-6451<br><br>Judge<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff OMS Investments, Inc. ("OMS"), for its complaint against Defendant H. D. Hudson Manufacturing Company ("Hudson"), states as follows:

## SUMMARY AND NATURE OF THE ACTION

1. This is an action for patent infringement. OMS owns patents directed to unique applicators for dispensing liquids—including certain applicators with collapsible wands—and Defendant Hudson supplies such applicators that are covered by multiple claims of OMS's patents. OMS files this lawsuit to put an end to Defendant Hudson's infringement and to recover damages resulting from Defendant Hudson's misconduct.

## PARTIES

2. Plaintiff OMS is a Delaware corporation with a principal place of business in Los Angeles, CA.

3. On information and belief, Defendant Hudson is a Minnesota corporation with a principal place of business at 500 N. Michigan Ave., Suite 2300, Chicago, IL 60611.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the

United States Code, 35 U.S.C. § 271 et seq. Subject matter jurisdiction of this Court is conferred by 28 U.S.C. §§ 1331 and 1338.

5. Venue in this judicial district is proper under 28 U.S.C. § 1400(b) because this judicial district is where Defendant Hudson has committed acts of infringement and has a regular and established place of business.

6. This Court likewise has personal jurisdiction over Defendant Hudson at least because Defendant Hudson committed acts of infringement in Illinois and because Hudson has its principal place of business in Illinois.

## PATENTS-IN-SUIT

7. United States Patent No. 10,022,742 ("the '742 patent") is titled "Applicator with Collapsible Wand" and issued on July 17, 2018. Attached as Exhibit 1 is a copy of the '742 patent.

8. United States Patent No. D670,982 ("the D'982 patent") is titled "Applicator" and issued on November 20, 2012. Attached as Exhibit 2 is a copy of the D'982 patent.

9. United States Patent No. D736,577 ("the D'577 patent") is also titled "Applicator" and issued on August 18, 2015. Attached as Exhibit 3 is a copy of the D'577 patent.

10. United States Patent No. D797,529 ("the D'529 patent") is also titled "Applicator" and issued on September 19, 2017. Attached as Exhibit 4 is a copy of the D'529 patent.

11. OMS is the owner of the '742, D'982, D'577, and D'529 patents by assignment.

## BACKGROUND FACTS

12. Defendant Hudson is in the business of making, using, and commercializing applicators as described in the '742 patent and virtually identical in appearance to the novel designs covered by the D'982, D'577, and D'529 patents.

2

13. For example, Defendant Hudson supplies an applicator (the "Infringing Applicator") to Central Garden & Pet Company ("Central") in the United States, intending that Central incorporate the Infringing Applicator into at least Central's "Weed and Grass Wand" product and knowing that Central sells the product throughout the United States, including in this judicial district. Below is an image of Central's product incorporating Defendant Hudson's Infringing Applicator, circled in red:



14. On or about December 15, 2017, OMS wrote Defendant Hudson, enclosing copies of the D'982, D'577, and D'529 patents and putting Defendant Hudson on notice of these patents and of Defendant Hudson's infringement of these patents. Attached as Exhibit 5 is a copy of the letter, without its enclosures.

15. As explained in OMS's correspondence to Defendant Hudson, each of OMS's design patents referenced above—the D'982, D'577, and D'529 patents—claims the design of an "applicator," *e.g.*, for dispensing chemicals and other products to maintain lawns, gardens, yards, trees, shrubs, and plants.

3

16. In fact, Hudson's Infringing Applicator is virtually identical in appearance to the novel designs covered by D'982, D'577, and D'529 patents, as shown in the below table of Defendant Hudson's Infringing Applicator and Fig. 4 of each of the D'982, D'577, and D'529 patents, respectively:



| | |
|---|---|
| **Infringing Applicator** | |
| **D'982 patent, Fig. 4** | |
| **D'577 patent, Fig. 4** | |
| **D'529 patent, Fig. 4** | |

17. The design of the Infringing Applicator and the designs of the D'982, D'577, and D'529 patents are so similar that it is implausible that Defendant Hudson designed the Infringing Applicator without prior knowledge of the designs set forth in D'982, D'577, and D'529 patents.

4

18. In July 2018, after OMS had sent the correspondence to Defendant Hudson regarding OMS's design patents, the United States Patent and Trademark Office issued the '742 patent—a utility patent.

19. On or about August 14, 2018, OMS wrote Defendant Hudson, this time enclosing copies of the '742 patent and an initial infringement analysis regarding the '742 patent, putting Defendant Hudson on notice of the '742 patent and of Defendant Hudson's infringement of the '742 patent. Attached as Exhibit 6 is a copy of the letter, without its enclosure of the '742 patent.

20. To date, OMS's infringement of the '742, D'982, D'577, and D'529 patents continues unabated.

**FIRST CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 10,022,742)**

21. OMS repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

22. Defendant Hudson infringed and continues to infringe one or more claims of the '742 patent, including claim 1, in violation of 35 U.S.C. § 271, at least by making, offering to sell, selling, and using within the United States the Infringing Applicator.

23. For example, claim 1 of the '742 patent recites:

*An applicator configured to dispense liquid comprising:*

   *a housing, comprising:*

      *a pump,*

      *an electric motor for driving the pump,*

      *a power source for providing power to the electric motor, and*

      *a flexible housing conduit in fluid communication with the pump;*

   *a trigger in electronic communication with the power source and the*

5

> *electric motor, wherein the trigger provides manual selective control over the pump such that when the trigger is depressed, the pump is actuated and when the trigger is released, the pump ceases operation;*
>
> *a wand connected to the housing via a wand hinge that is configured to allow the wand to be collapsed against the housing in a first position and extended away from the housing in a second position, the wand hinge comprises a hinge conduit engaging the flexible housing conduit and that curves around a pivot point of the wand hinge such that when the wand is collapsed against the housing in the first position, the hinge conduit keeps the flexible housing conduit apart from the pivot point of the wand hinge;*
>
> *a nozzle coupled to the wand for discharging liquid from the applicator, wherein the nozzle is in fluid communication with the pump; and*
>
> *a liquid conduit having a proximal end in fluid communication with the pump and a distal end that extends externally from the housing, the distal end is configured to connect to a container that is external to and separate from the housing such that when the distal end of the liquid conduit is connected to the container, the container is coupled to the housing by the liquid conduit such that the container remains external to and separate from the housing.*

24. As explained in OMS's initial infringement analysis provided to Defendant Hudson on August 14, 2018 (Exhibit 6), Hudson's Infringing Applicator meets each limitation of claim 1, both performing and enabling Defendant Hudson's customers to perform the unique functions of OMS's patented applicator.

25. For example, as shown in the following two figures included in that initial infringement analysis, Hudson's Infringing Applicator has the claimed housing, pump, electric motor, and power source:





26. Moreover, as shown in the following two figures included in the initial infringement analysis, Hudson's Infringing Applicator has the claimed trigger and flexible housing conduit:



27. As claimed, in operation, when the trigger of the Infringing Applicator is depressed, the pump is actuated, and when the trigger is released, the pump ceases operation.

28. As shown in the following two figures included in the initial infringement analysis, Hudson's Infringing Applicator likewise has the claimed wand connected to the housing via a wand hinge that is configured to allow the wand to be collapsed against the housing in a first position and extended away from the housing in a second position:

7



29. In addition, as shown in the following two figures included in the initial infringement analysis, Hudson's Infringing Applicator's wand hinge comprises the claimed hinge conduit, engaging the flexible housing conduit, and that curves around a pivot point of the wand hinge such that when the wand is collapsed against the housing in the first position, the hinge conduit keeps the flexible housing conduit apart from the pivot point of the wand hinge:





30. As shown in the following figure included in the initial infringement analysis, Hudson's Infringing Applicator likewise has a nozzle coupled to the wand for discharging liquid from the applicator:



31. And, as shown in the following figure included in the initial infringement analysis, Hudson's Infringing Applicator has the claimed liquid conduit having a proximal end in fluid communication with the pump and a distal end that extends externally from the housing, and the distal end is configured to connect to a container that is external to and separate from the housing such that when the distal end of the liquid conduit is connected to the container, the container is coupled to the housing by the liquid conduit such that the container remains external to and separate from the housing:



32.     OMS owned the '742 patent through the period of the infringing acts of Defendant Hudson, and OMS still owns the '742 patent.

33.     Defendant Hudson infringed claim 1 of the '742 patent with full knowledge of the patent and both knowing and intending that Defendant Hudson's conduct would infringe at least claim 1 of the '742 patent.

34.     OMS has been and continues to be damaged and otherwise harmed by Defendant Hudson's infringement.

35.     OMS will be irreparably harmed unless Defendant Hudson's infringing activities are enjoined.

### SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. D670,982)

36.     OMS repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

37.     Defendant Hudson, without authorization from OMS, has distributed, offered for sale, and sold the Infringing Applicator, the design of which is substantially the same as the design set forth in the D'982 patent.

38. Defendant Hudson's Infringing Applicator appropriates the novel ornamental features set forth in the D'982 patent such that an ordinary observer, giving such attention as a purchaser usually gives, would find OMS's patented design and Defendant Hudson's design to be substantially the same, and the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it be the other.

39. By the foregoing acts, Defendant Hudson has infringed and continues to infringe the D'982 patent.

40. OMS owned the D'982 patent through the period of the infringing acts of Defendant Hudson, and OMS still owns the D'982 patent.

41. OMS has been and continues to be damaged and otherwise harmed by Defendant Hudson's infringement, and OMS will be irreparably harmed unless Defendant Hudson's infringing activities are enjoined.

### THIRD CLAIM FOR RELIEF
**(Infringement of U.S. Patent No. D736,577)**

42. OMS repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

43. Defendant Hudson, without authorization from OMS, has distributed, offered for sale, and sold the Infringing Applicator, the design of which is substantially the same as the design set forth in the D'577 patent.

44. Defendant Hudson's Infringing Applicator appropriates the novel ornamental features set forth in the D'577 patent such that an ordinary observer, giving such attention as a purchaser usually gives, would find OMS's patented design and Defendant Hudson's design to be substantially the same, and the resemblance is such as to deceive such an observer, inducing him

11

to purchase one supposing it be the other.

45. By the foregoing acts, Defendant Hudson has infringed and continues to infringe the D'577 patent.

46. OMS owned the D'577 patent through the period of the infringing acts of Defendant Hudson, and OMS still owns the D'577 patent.

47. OMS has been and continues to be damaged and otherwise harmed by Defendant Hudson's infringement, and OMS will be irreparably harmed unless Defendant Hudson's infringing activities are enjoined.

### FOURTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. D797,529)

48. OMS repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

49. Defendant Hudson, without authorization from OMS, has distributed, offered for sale, and sold the Infringing Applicator, the design of which is substantially the same as the design set forth in the D'529 patent.

50. Defendant Hudson's Infringing Applicator appropriates the novel ornamental features set forth in the D'529 patent such that an ordinary observer, giving such attention as a purchaser usually gives, would find OMS's patented design and Defendant Hudson's design to be substantially the same, and the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it be the other.

51. By the foregoing acts, Defendant Hudson has infringed and continues to infringe the D'529 patent.

52. OMS owned the D'529 patent through the period of the infringing acts of

Defendant Hudson, and OMS still owns the D'529 patent.

53. OMS has been and continues to be damaged and otherwise harmed by Defendant Hudson's infringement, and OMS will be irreparably harmed unless Defendant Hudson's infringing activities are enjoined.

## PRAYER FOR RELIEF

**WHEREFORE**, OMS prays for judgment and relief against Defendant Hudson, including:

A. Adjudging that Defendant Hudson has infringed claims of each of the '742, D'982, D'577, and D'529 patents;

B. Permanently enjoining Defendant Hudson, its officers, agents, suppliers, distributors, servants, employees, successors, assigns, and all persons acting in concert or participation with Defendant Hudson from continuing acts of infringement of the '742, D'982, D'577, and D'529 patents;

C. Awarding OMS damages, including at least the profits of Defendant Hudson attributable to the infringement, together with pre-judgment and post-judgment interest;

D. Awarding OMS enhanced damages for Defendant Hudson's willful infringement under 35 U.S.C. § 284;

E. Awarding OMS its costs and reasonable attorney's fees; and

F. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), OMS demands trial by jury on all issues so triable as to this complaint.

Dated: September 21, 2018        Respectfully submitted,

/s/ Booker T. Coleman, Jr.
Booker T. Coleman, Jr. (6305324)
Ulmer & Berne LLP
500 W. Madison Street, Suite 3600
Chicago, IL 60661
Telephone: (312) 658-6570
Facsimile: (312) 658-6511
bcoleman@ulmer.com

John F. Bennett (*pro hac vice* forthcoming)
Paul M. Ulrich (*pro hac vice* forthcoming)
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
Telephone: (513) 698-5000
Facsimile: (513) 698-5153
jbennett@ulmer.com
pulrich@ulmer.com

ATTORNEYS FOR PLAINTIFF
OMS INVESTMENTS, INC.